**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED MINE WORKERS OF AMERICA 1974 PENSION PLAN, and MICHAEL HOLLAND, MICHEAL BUCKNER, MICHAEL O. MCKOWN, and MICHAEL D. LOIACONO, as Trustees of the UNITED MINE WORKERS OF AMERICA 1974 PENSION PLAN, <br><br> 2121 K Street, N.W. <br> Washington, D.C. 20037, <br><br> *Plaintiffs,* <br><br> v. <br><br> ENERGY WEST MINING COMPANY <br> 201 South Main Street <br> Suite 2000 <br> Salt Lake City, UT 84111. <br><br> *Defendant.* | Case No. 1:18-cv-1905 |

**COMPLAINT TO ENFORCE ARBITRATION AWARD**

1.     Plaintiffs United Mine Workers of America 1974 Pension Plan ("UMWA 1974 Pension Plan" or "1974 Pension Plan") and Michael Holland, Micheal Buckner, Michael O. McKown, and Michael D. Loiacono, as Trustees of the UMWA 1974 Pension Plan, (all Plaintiffs collectively referred to as, "UMWA 1974 Pension Plan," or "1974 Pension Plan," unless otherwise indicated by the context), through their undersigned counsel, hereby file this Complaint pursuant to 29 U.S.C. §§ 1401(b)(2), (3), and 1451(a)(1), and 9 U.S.C. § 9, seeking to enforce an arbitration award dated August 7, 2018 by Arbitrator Mark Irvings in the American Arbitration Association

case styled *Energy West Mining Company and United Mine Workers of America 1974 Pension Plan,* AAA Case Number: 01-17-0001-2758.

2.  Arbitrator Irvings issued the award pursuant to a statutorily-mandated arbitration procedure under Title IV of the Employee Retirement Income Security Act of 1974, *as amended by* the Multiemployer Pension Plan Amendments of 1980 ("ERISA"), 29 U.S.C. §§ 1381-1453, and pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*

## JURISDICTION AND VENUE

3.  Jurisdiction is conferred on this court by Sections 4221(b)(2) and Section 4301(c) of ERISA, 29 U.S.C. §§ 1401(b)(2) and 1451(c), and by 28 U.S.C. § 1331.

4.  Venue is proper in this Court pursuant to Sections 4301(d) of ERISA, 29 U.S.C. § 1451(d), because the United Mine Workers of America 1974 Pension Plan is administered in this District.

## PARTIES

5.  The 1974 Pension Plan is an employee pension benefit plan as defined by ERISA Section 3(3), 29 U.S.C. § 1002(3), as well as a multiemployer plan within the meaning of ERISA Section 3(37)(A), 29 U.S.C. § 1002(37)(A), and ERISA Section 4001(a)(3), 29 U.S.C. § 1301(a)(3).

6.  Plaintiffs Michael Holland, Micheal Buckner, Michael O. McKown, and Michael D. Loiacono are the Trustees of the 1974 Pension Plan. The Trustees are fiduciaries within the meaning of ERISA Section 3(21)(A), 29 U.S.C. § 1002(21)(A), and they bring this action in their fiduciary capacity on behalf of themselves and the 1974 Pension Plan's participants and beneficiaries for the purpose of collecting withdrawal liability. The Trustees administer and

conduct the business of the 1974 Pension Plan and Trust at 2121 K Street, N.W., Washington, D.C. 20037.

7. Energy West Mining Company ("Energy West"), is an "employer in an industry affecting commerce" as defined in Section 3(5), (9), (11), and (12) of ERISA, 29 U.S.C. § 1002(5), (9), (11), and (12).

8. Upon information and belief, Energy West is a corporation organized in the State of Utah and has a corporate mailing address of 201 South Main Street, Suite 2000, Salt Lake City, UT 84111. Energy West is a wholly owned subsidiary of PacifiCorp, which is a wholly owned subsidiary of PPW Holdings, LLC, which is a wholly owned subsidiary of Berkshire Hathaway Energy Co.

**FACTUAL BACKGROUND**

9. The 1974 Pension Plan is a multiemployer pension plan as defined in Section 4001(a)(3) of ERISA, 29 U.S.C. § 1301(a)(3).

10. The 1974 Plan was created in collective bargaining between the United Mine Workers of America ("UMWA") and the Bituminous Coal Operators' Association, Inc. ("BCOA").

11. The UMWA and BCOA created the 1974 Pension Plan in negotiations for the National Bituminous Coal Wage Agreement ("NBCWA") of 1974, and the 1974 Pension Plan has been continued in each NBCWA negotiated since that time, including the most recent NBCWAs of 2011 and 2016.

12. The general purpose of the 1974 Pension Plan is to provide pension benefits to retired coal miners, disabled coal miners, and surviving spouses who satisfy the eligibility

requirements of the 1974 Pension Plan. The 1974 Pension Plan's plan year begins July 1 of each year and concludes June 30 of the following calendar year.

13. As reported in the actuarial valuation report of the 1974 Pension Plan for the plan year commencing July 1, 2015, the 1974 Pension Plan was certified as being in "critical and declining" status under ERISA Section 305(a)(3) and Section 432(a)(3) of the Internal Revenue Code of 1986, *as amended by* the Pension Protection Act of 2006 and the Multiemployer Pension Reform Act of 2014 ("Code"), 29 U.S.C. § 1085(a)(3), 26 U.S.C. § 432(a)(3).

14. Energy West and its related entities have operated coal mines in the State of Utah and have been signatory to NBCWAs or "me-too agreements" (*i.e.,* collective bargaining agreements incorporating the terms of the NBCWA) requiring contributions to the 1974 Pension Plan since 1977.

15. For the five-year period from July 1, 2010 through June 30, 2015, classified employees of Energy West worked 2.1 million hours for which pension contributions were made to the 1974 Pension Plan.

16. Energy West ceased mining coal in 2015 and permanently ceased to have an obligation to contribute to the 1974 Pension Plan and/or permanently ceased all covered operations under the 1974 Pension Plan, thereby effecting a "complete withdrawal" from the 1974 Pension Plan within the meaning of Section 4203 of ERISA, 29 U.S.C. § 1383. This withdrawal from the 1974 Pension Plan occurred during the plan year beginning July 1, 2015 and ending June 30, 2016.

17. After Energy West withdrew from the 1974 Pension Plan, it continued to have over 550 retired coal miners, disabled miners, and surviving spouses receiving pensions from the 1974 Pension Plan.

18.     As a result of Energy West's complete withdrawal, the 1974 Pension Plan determined that Energy West incurred withdrawal liability in the amount of $115,119,099.34, as determined under Section 4201(b) of ERISA, 29 U.S.C. § 1381(b).

19.     On August 29, 2016, the 1974 Pension Plan issued an "Employer Withdrawal Liability Notice and Demand, and Request for Information" ("Demand Letter") to Energy West informing it of its withdrawal liability in accordance with Sections 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. §§ 1382(2) and 1399(b)(1). In the Demand Letter, the 1974 Pension Plan stated that Energy West was required to either pay the full withdrawal liability amount immediately or to make monthly installments payments of $247,251.12 on a monthly basis in accordance with a payment scheduled created under Section 4219(b)(1) of ERISA, 29 U.S.C. § 1399(b)(1).[1]

20.     On October 3, 2016, Energy West timely filed a request for review of the 1974 Pension Plan's withdrawal liability assessment, pursuant to Section 4219(b)(2)(A) of ERISA, 29 U.S.C. § 1399(b)(2)(A).

21.     On January 26, 2017, the 1974 Pension Plan timely responded to and denied Energy West's pending request for review.

22.     On February 28, 2017, Energy West filed a notice of intent to arbitrate the 1974 Pension Plan's withdrawal liability assessment with the American Arbitration Association ("AAA") pursuant to Section 4221 of ERISA, 29 U.S.C. §1401. The arbitration case was administered by the AAA and styled *Energy West Mining Company and United Mine Workers of*

---

[1] Because, under the statutory formula for determining the monthly payments, the amount of each monthly payment is less than the amount of interest accruing on the outstanding balance, all of each monthly payment is applied towards interest and none towards the principal amount of the assessed withdrawal liability. ERISA Section 4219(c)(1)(C)(i), 29 U.S.C. § 1399(c)(1)(C)(i).

*America 1974 Pension Plan,* AAA Case Number: 01-17-0001-2758. The AAA appointed Arbitrator Mark Irvings to hear the arbitration case.

23. In advance of the arbitration hearing, the Parties stipulated to relevant facts and to the following statement of the issues:

   i. Whether the actuarial assumptions used by the UMWA 1974 Pension Plan to calculate Energy West's withdrawal liability were unreasonable in the aggregate for a withdrawal that occurred between July 1, 2015 and June 30, 2016?

   ii. Whether the UMWA 1974 Pension Plan is exempt from the 20-year cap on withdrawal liability installment payments set forth in Section 4219(c)(1)(B) of ERISA?

24. Two days of hearings were held before Arbitrator Irvings in Washington, D.C. on December 12 and 13, 2017. At the hearing, numerous exhibits were entered into evidence, including transcripts of depositions, and each party presented an actuary to testify in support of its position. After the hearing, the Parties filed with the Arbitrator Post-Hearing Briefs on February 2, 2018, Reply Briefs on March 23, 2018, and Supplemental Briefs on June 7, 2018.

25. In a Decision and Award dated August 7, 2018, Arbitrator Irvings affirmed the 1974 Pension Plan's assessment of withdrawal liability against Energy West. The Decision and Award was released by the AAA to the 1974 Pension Plan and Energy West on August 10, 2018. A true, correct, and complete copy of the Decision and Award is attached as Plaintiffs' Exhibit 1.

26. The Award states in relevant part:

   1. The actuarial assumptions used by the UMWA 1974 Pension Plan to calculate Energy West's withdrawal liability were not unreasonable in the aggregate for a withdrawal that occurred between July 1, 2015 and June 30, 2016.

   2. The UMWA 1974 Pension Plan is exempt from the 20-year cap on withdrawal liability installment payments set forth in Section 4219(c)(1)(B) of ERISA.

## COUNT I
## ENFORCEMENT OF ARBITRATION AWARD

27. Plaintiffs reallege and incorporate herein Paragraphs 1 through 26.

28. In the Decision and Award, Arbitrator Irvings affirmed the 1974 Pension Plan's assessment of withdrawal liability against Energy West, ruling that (1) the actuarial assumptions used by the Plan's actuary in calculating Energy West's withdrawal liability were not unreasonable in the aggregate, and (2) the 1974 Pension Plan is exempt from the 20-year cap on withdrawal liability installment payments.

29. Plaintiffs have a right to petition this Court for enforcement of Arbitrator Irving's Decision and Award under Sections 4221(b)(2) and (3) of ERISA, 29 U.S.C. § 1401(b)(2) and (3), and 9 U.S.C. § 9.

30. Applying the presumptions and burden of proof of ERISA Section 4221(a)(3), 29 U.S.C. § 1401(a)(3), applicable regulations, applicable Actuarial Standards of Practice, and relevant case law to the facts of this dispute as presented at the arbitration hearing, the Arbitrator had sufficient grounds to conclude that the actuarial assumptions used by the 1974 Pension Plan in its calculation of Energy West's withdrawal liability were not unreasonable in the aggregate for a withdrawal that occurred between July 1, 2015 and June 30, 2016.

31. In accordance with the express provisions of ERISA Sections 4211(d), and 4219(c)(1)(B), 29 U.S.C. §§ 1391, 1399, Internal Revenue Code Section 404(c), 26 U.S.C. § 404(c), determinations from the Internal Revenue Service, definitions in the Coal Industry Retiree Health Benefit Act, 26 U.S.C. 9701(a)(3), and judicial decisions, the Arbitrator had sufficient grounds to conclude that the 1974 Pension Plan is exempt from the 20-year cap on withdrawal liability installment payments.

32.     Under the deferential standard of review set forth in the Federal Arbitration Act, 9 U.S.C. §§ 10,11, there is no evidence that the Arbitrator's award was procured by corruption, fraud, or undue means; that there was evident partiality by the Arbitrator; that the Arbitrator was guilty of misconduct or misbehavior; that the Arbitrator exceeded his powers; or that the Arbitrator made an evident material miscalculation or mistake in the award.

33.     Accordingly, Plaintiffs are entitled to an order enforcing Arbitrator Irving's Decision and Award dated August 7, 2018.

34.     Plaintiffs are also entitled to their costs and expenses incurred in connection with this action, and their reasonable attorney's fees, pursuant to Section 4301(e) of ERISA, 29 U.S.C. § 1451(e).

**WHEREFORE**, Plaintiffs respectfully request that the Court:

1.     Enter judgment against Energy West and in favor of the 1974 Pension Plan enforcing Arbitrator Irving's Decision and Award dated August 7, 2018 in the AAA arbitration case styled *Energy West Mining Company and United Mine Workers of America 1974 Pension Plan,* AAA Case Number: 01-17-0001;

2.     Award the 1974 Pension Plan its attorney's fees, costs, and expenses incurred in connection with this enforcement action pursuant to ERISA Section 4301(e), 29 U.S.C. § 1451(e); and

3.     Grant such further relief as the Court may deem appropriate.

Respectfully submitted,

/s/ Olga M. Thall          .
John R. Mooney
   DC Bar No. 375886
Paul A. Green
   DC Bar No. 383588
Olga M. Thall
   DC Bar No. 1016248
Mooney, Green, Saindon,
Murphy & Welch, P.C.
1920 L. Street, NW, Suite 400
Washington, DC 20036
(202) 783-0100
(202) 783-6088 facsimile
jmooney@mooneygreen.com
pgreen@mooneygreen.com
omthall@mooneygreen.com

Stanley F. Lechner
   DC Bar No. 370986
Charles P. Groppe
   DC Bar No. 464035
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
(202) 739-5079
(202) 739-3001 facsimile
slechner@morganlewis.com
cgroppe@morganlewis.com

Glenda S. Finch
   DC Bar No. 418206
Larry D. Newsome
   DC Bar No. 254763
UMWA Health & Retirement Funds
2121 K Street, NW
Washington, DC 20037
gfinch@umwafunds.org
lnewsome@umwafunds.org

*Counsel for Plaintiffs*

Dated: August 14, 2018